. PENNINGTON WHITEHEAD, as Substituted Trustee under the Will of JOHN A. HAGGERTY, Deceased, Respondent, *v.* MARIA H. D. POLK et al., Respondents, and GROSVENOR S. HUBBARD, as Trustee under the Will of JOHN A. HAGGERTY, Deceased, Appellant.

*Whitehead* v. *Polk*, 179 App. Div. 142, affirmed.

(Argued May 15, 1918; decided May 28, 1918.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered November 2, 1917, modifying and affirming as modified a judgment of Special Term in an action for an accounting and for construction of the will of John A. Haggerty, deceased. Testator by his will erected a trust for the benefit of his six nieces and provided that upon the death of any one of my said nieces who shall survive me, leaving issue her surviving, to pay and deliver the share which had been set apart for her use, and any addition thereto that may have been made as hereinafter provided, to such her issue — if more than one issue, then share and share alike; if she shall leave no issue surviving her, then the said share so set apart for her use shall be divided and added in equal parts to the remaining shares, and such addition to each share shall at the death of the takers thereof respectively without issue surviving be divided equally among the then survivors of said nieces, the issues then living of any of said nieces then dead to take the share the parent would have taken if then living. Two nieces died, without issue, one died leaving issue and finally another, Fannie, died without issue. Two nieces, Mrs. Crafts and Mrs. Polk, survive. There is no question or controversy between the parties as to the distribution of so much of the fund for the benefit of Fannie as was added to it by the deaths of the nieces first dying without issue, but there is a dispute between the parties as to the distribution of the original share received by the trustee from the residuary estate of the decedent for the benefit

of Fannie. · The Appellate Division held the original share held in trust for Fannie should be distributed by giving the issue of Mrs. Crafts one-third thereof; that another third thereof should be paid over to the plaintiff as trustee of the trust created for the benefit of Mrs. Polk and the other third thereof to the defendant Hubbard as trustee.

*Hugh Morgan, Jr.,* for appellant.
*Frederick Geller* and *Gordon Knox Bell* for respondents.

Judgment affirmed, with costs, on opinion of SHEARN, J., below.

Concur: HISCOCK, Ch. J., CUDDEBACK, CARDOZO, POUND, McLAUGHLIN, CRANE and ANDREWS, JJ.