Assets Realization Company, Respondent, *v.* Philip W. Roth, Appellant.

Fourth Department, June 30, 1922.

Principal and surety — action upon covenant to indemnify bank, plaintiff's assignor, against loss sustained by reason of advances made pursuant to liquidation agreement between another bank and plaintiff's assignor — judgment and findings in prior action against defendant as stockholder to enforce statutory liability in which complaint was dismissed insufficient to justify direction of verdict for plaintiff — objection by defendant that none of findings in prior action were binding sufficient to raise question — evidence insufficient to establish conclusively that deficiency from alleged diversion of assets by plaintiff's assignor will equal amount of defendant's liability — notice of sale of uncollected assets not necessary — defendant not misled or harmed by sale.

In an action upon a covenant to save harmless and indemnify a bank, the plaintiff's assignor, against loss sustained by it by reason of advances made pursuant to a liquidation agreement entered into between another bank and the plain-

tiff's assignor, by which the latter was to advance sufficient money to pay all depositors of the other bank in full and make advances for other purposes, it appeared that the other bank, as security for the advances pledged all of its assets and property, and the plaintiff's assignor agreed to use diligence to convert the assets as rapidly as could be done without undue sacrifice. It was also provided in the liquidation agreement that the other bank should deliver a proper guaranty made by certain of its directors and stockholders against any and all loss as a result of such advances, and the instrument in suit was made accordingly, each indemnitor limiting his liability to the amount of his stock.

*Held,* on all the evidence, that it was error to direct a verdict for the plaintiff based upon the judgment and findings in a prior action against the defendant and others by this plaintiff to charge them as stockholders of the other bank in which action the complaint was dismissed, for, since the complaint was dismissed, the findings as to the amount of the advances over the amount received from the pledged property became wholly immaterial and, therefore, are not binding in this action.

The objection by the defendant in this action that none of the findings in the prior action were binding was sufficient to raise the question.

Moreover, the exhibits and oral testimony offered by the defendant are insufficient to establish conclusively that, if all of the defendant's claims for diverted and wasted assets and other claims of defendant in dispute are allowed to him, the deficiency will equal the amount of his liability.

*It seems,* that no notice of the sale by the plaintiff's assignor of uncollected assets was necessary, and that there is nothing to indicate that the property was sold for less than its value, or that the defendant was misled or harmed.

APPEAL by the defendant, Philip W. Roth, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Erie on the 3d day of November, 1919, upon the verdict of a jury rendered by direction of the court; also from an order entered in said clerk's office on the 7th day of November, 1919, denying defendant's motion for a new trial made upon the minutes, and also from an order entered in said clerk's office on the 31st day of October, 1919, allowing plaintiff three per cent of the sum of $35,298, namely, $1,058.94, as an additional allowance of costs in the action.

*Lewis & Carroll* [*W. C. Carroll* of counsel], for the appellant.

*Strebel, Corey & Tubbs* [*Carlos C. Alden* of counsel], for the respondent.

KRUSE, P. J.:

This action is brought upon a covenant to save harmless and indemnify the German Bank, the plaintiff's assignor, against loss sustained by it by reason of advances made pursuant to a liquidation agreement entered into between the Metropolitan Bank and the German Bank, by which the latter was to advance sufficient money to pay all depositors of the Metropolitan Bank in full and make advances for other purposes.

The Metropolitan Bank, as security for the advances, pledged all of its assets and property, and the German Bank agreed to use diligence to convert the assets as rapidly as could be done without undue sacrifice.

It was also provided in the liquidation agreement that the Metropolitan Bank should deliver a proper guaranty made by certain of its directors and stockholders against any and all loss as a result of such advances, and the instrument in suit was made accordingly, each indemnitor limiting his liability to the amount of his stock.

The German Bank took over the assets of the Metropolitan Bank, paid the depositors in full, but before it had finished the work of liquidation, the German Bank, at the suit of the Attorney-General of the State, was dissolved and a receiver appointed. Upon the first trial it was held that the defendant had been released because of the dissolution of the German Bank before the liquidation was complete. The judgment entered upon that decision was affirmed here. (*Assets Realization Co.* v. *Roth*, 179 App. Div. 324.) But the Court of Appeals reversed and ordered a new trial, holding that the covenant in suit was not a contract of guaranty, but of indemnity; that the liability was not secondary, but primary. Death might terminate the agency of the German Bank to act for the Metropolitan Bank, but could not terminate the pledge; that the receiver of the German Bank and plaintiff, assignee, had the right to proceed with such liquidation. (*Assets Realization Co.* v. *Roth*, 226 N. Y. 370.)

The total amount of the par value of the stock held by the indemnitors was $57,200; each limited his liability to an amount equal to his holding of stock, the defendant's liability being limited to $21,200. The learned trial judge submitted to the jury the question of deficiency between the amount advanced by the German Bank and what was received by it after deducting expenses and charges; and in that connection also submitted the question as to whether any of the funds had been misapplied, or there had been a failure to act with due diligence in making some of the collections, and also the question as to whether in selling the remnant of the uncollected assets reasonable notice had been given of such sale to the defendant. After the jury had deliberated for some time it returned for further instructions, but in the meantime the judge had reached the conclusion that if all of the claims made by the defendant were allowed, the total amount thereof would not reduce the deficiency below the total amount of the liability assumed by the indemnitors, and, therefore, the defendant was liable for the amount assumed by him, with interest from the 28th day of September,

1908, the day of the sale of the remnant of such assets, and he accordingly directed the jury to find a verdict for the sum of $21,200 and interest thereon from September 28, 1908, making a total of $35,298.

An earlier action had been brought against the defendant and others by this plaintiff, to charge them as stockholders of the Metropolitan Bank, with the statutory liability for debts. But it was held that the advances made by the German Bank did not constitute a debt for which the stockholders were liable and sustained the dismissal of the complaint. (*Assets Realization Co.* v. *Howard*, 211 N. Y. 430.) Upon the trial of this action the judgment roll in the action against the stockholders, containing certain findings of fact, was received in evidence over the objection and exception of the defendant, and such of the findings as were regarded material in this action were considered as proof of the facts therein stated.

The findings set forth the amount of the advances and what was realized from the pledged property and other facts showing the amount of the liability of the Metropolitan Bank under the liquidating agreement. I am of opinion that only such findings as were material and essential to the decision upon which the judgment in that action is founded are *res adjudicata* and binding upon defendant. (*Springer* v. *Bien*, 128 N. Y. 99; *House* v. *Lockwood*, 137 id. 259; *Rudd* v. *Cornell*, 171 id. 114; *Cauhape* v. *Parke, Davis & Co.*, 46 Hun, 306.)

The amount of the advances over the amount received from the pledged property becomes wholly immaterial since the complaint was dismissed upon the ground that there was no liability. Even if there had been no evidence to sustain such findings the defendant could not have appealed to reverse the findings, since the judgment was in his favor.

The respondent contends that even if such findings are not *res adjudicata* the question was not pointedly raised by the defendant in making his objections thereto, which, in substance, was that none of the findings were binding, while in fact some of them were material to the adjudication made; that it was not pointed out that the findings as to the amount of the advances and the amount received and the deficiency were not binding upon the defendant, but it was claimed that all of the findings were incompetent. And it is argued that in view of the stipulation that either party might read the whole or any part of the testimony given and contained in the printed papers on appeal in the action against the stockholders, including any of the exhibits, or the whole or any part of such papers, the objection could have been met by offering the

evidence upon which the findings were founded. We think the question was sufficiently raised.

It clearly appears from the rulings of the trial court and the colloquy that occurred that the amount of advances and receipt as found in the stockholders' action was held binding upon the defendant, and that the defendant was precluded from disputing the same, and these findings were used as a basis for directing the verdict.

But it is contended on behalf of the respondent that the appellant offered evidence which established the same facts as are contained in the findings. After the plaintiff had rested a witness who had charge of the plaintiff's Buffalo office, and who had given testimony on the plaintiff's side of the case, was called for further cross-examination by the defendant. Upon such examination his attention was called to a number of schedules which the witness had referred to, among others, Exhibit No. 79, and he testified that it showed all of the collections and all of the disbursements, not in detail, but the net amount less what had been disbursed.

This exhibit and several others were offered in evidence by the defendant. It is contended that those exhibits, in connection with the oral testimony, show that the net amount of the deficiency exceeds the total amount of the indemnitor's liability. We have examined these exhibits with some care and reached the conclusion that they do not establish conclusively that if all of the defendant's claims for diverted and wasted assets, and other claims of defendant in dispute are allowed to the defendant, the deficiency will equal the amount of the indemnitor's liability.

As regards the question of reasonable notice, I think the proof shows that it was timely given. Nor was the legality of the sale affected by the excessive amount claimed in the notice. There is nothing to indicate that the property was sold for less than its value, or that the defendant was misled or harmed. And, furthermore, I am of the opinion that no notice of the sale was necessary. The pledge was not an ordinary pledge. It was not contemplated that they should be held and sold as a pledge requiring notice of sale. Under the terms of the agreement the German Bank was required to convert the assets. As was said by Judge CARDOZO on the appeal to the Court of Appeals in this case (226 N. Y. 377): " All that the defendant may insist upon is a conversion of the assets into money by the liquidator, if alive, and, if dead, by its successors. There has been no departure from that course in anything that has been done. The loss has been ascertained, and the defendant's duty is to pay it."

But for the reasons stated we think the trial court erred in directing a verdict for the plaintiff.

The judgment and orders should, therefore, be reversed and a new trial granted, with costs to the appellant to abide the event.

All concur.

Judgment and orders reversed and new trial granted, with costs to appellant to abide event.