Misc. 769]     Surrogate's Court, New York County, March, 1926.

declined to become a party thereto.   An instrument which is to operate in the lifetime of the donor and to pass an interest in his property before his death if accepted by the donee, is a deed or contract and not a will.   A will is an instrument by which a person makes a disposition of his property to take effect after his death. (*Matter of Diez,* 50 N. Y. 88, 93; *Gilman* v. *McArdle,* 99 id. 451, 461; *Younger* v. *Duffie,* 94 id. 535, 539; *Matter of Emmons,* 110 App. Div. 701, 704.)   That decedent did not intend that this paper should constitute his last will and testament is evidenced by paragraph 3 of section 2 therein which reads as follows:   " Fund A shall be deposited in trust for me subject to my order during my life-time, and subject, in the event of my death to the terms of a private will which I intend to make, one copy of which will be placed on file with Frank J. Kent, No. 271 Broadway, New York City, U. S. A."

I hold, therefore, that the instrument in question is not a will. Submit decree on notice accordingly.

---

In the Matter of the Estate of JOHN A. HAGGERTY, Deceased.

Surrogate's Court, New York County, March 5, 1926.

Wills — construction — testator after creating trusts for benefit of six nieces directed that upon death of any one niece leaving issue surviving, said decedent's share should be distributed to " her issue, if more than one issue then share and share alike "— last niece surviving left four children, seven grandchildren and four great grandchildren — share held in trust for said niece must be distributed to her descendants per stirpes where dominant scope of will indicates testator intended equal distribution of estate — res adjudicata — final decree entered upon decision directing distribution of other share per capita not controlling upon distribution herein.

A will, effective in 1875, by which the decedent, after creating six trusts, each for the benefit of a niece during her lifetime, directed that upon the death of any one niece leaving issue surviving the share held in trust for the beneficiary be distributed, together with any addition accruing thereto " to such her issue, if more than one issue then share and share alike," must be construed upon the death of the last surviving niece, leaving four children, seven grandchildren and four great grandchildren, to mean that the remaining share must be divided among the descendants of the beneficiary *per stirpes*, since an examination of the will shows that the dominant intention of the testator was a *per stirpes* distribution on the death of the beneficiary of the trust, particularly where the language of the entire will indicates that testator sought to effect an equal distribution of his estate, which could not be brought about by a *per capita* distribution.

The fact that on a prior accounting in the estate herein a final decree was entered upon a decision determining that the share of a niece who survived the testator

Surrogate's Court, New York County, March, 1926.    . [Vol. 126

and then died leaving no issue should be distributed in three equal parts, and that a one-third part should be distributed to the issue of a deceased niece *per capita* is not *res adjudicata* in this proceeding, for the reason that the question here presented was not before the court in the former case and was not litigated therein.

PROCEEDING for an accounting involving the construction of a will.

*Curtis, Mallet, Prevost, Colt & Mosle,* for the petitioners.

*Frederick S. Taggart,* for Jessica H. Crosby, a remainderman.

*Whitman, Ottinger, Ransom, Coulson & Goetz,* for Marion S. B. Hubbell, a remainderman.

*Olcott, Olcott & Glass,* for the legatees.

*William H. Hickin,* special guardian.

O'BRIEN, S. In this accounting proceeding the court is asked to construe paragraph 5 of the testator's will. By that paragraph he created six trusts, each for the benefit of a niece during her life, and then disposed of the remainders thereof in the following language: " And upon the further trust, upon the death of any one of my said nieces who shall survive me, leaving issue her surviving to pay and deliver the share which had been set apart for her use, and any addition thereto that may have been made as hereinafter provided, to such her issue, if more than one issue then share and share alike, if she shall leave no issue surviving her then the said share so set apart for her use shall be divided and added in equal parts to the remaining shares and such addition to each share shall at the death of the takers thereof respectively without issue surviving be divided equally among the then survivors of said nieces, the issue then living of any of said nieces then dead to take the share the parent would have taken if then living, and as to the share of the last survivor of said nieces, in case she shall die leaving no issue her surviving, but issue of any or either of the other deceased nieces shall survive her, then I give the last mentioned share, with any addition that may have been made thereto, to such surviving issue of such other nieces (the issue to represent the parent and to take the same share the parent would have taken if then living), if no issue of either of such other nieces shall so survive then I give said last mentioned share, with said addition to such person or persons as such last surviving nieces shall by her last will direct and appoint, and in default of such will I give the same to my next of kin under the laws of the State of New York as if I had died intestate."

The last of the six nieces to die was Jessie D. Bowen, who left her surviving four children, seven grandchildren and four great grand-

children. The question presented on this application is whether the principal share held in trust for her, together with the additions thereto, should be distributed to her issue *per stirpes* or *per capita*. None of the grandchildren or great grandchildren will take under a stirpital distribution, for all the said niece's children survived her.

The 5th paragraph of this will has been the subject of construction in a prior accounting in the Supreme Court (*Whitehead* v. *Polk*, 179 App. Div. 142; affd., 223 N. Y. 725), and those who now contend for a *per capita* distribution argue that the decree in that action is *res adjudicata* on this application. But in that action it was merely determined that the share of a niece who survived the testator and then died leaving no issue should be distributed in three equal parts, one part to each of the two surviving nieces and the third part *to the issue* of a deceased niece. The fact that the final decree entered on that decision directed distribution of the last mentioned one-third part to the issue of the deceased niece *per capita* is not controlling on this application, for the question presented here was not before the court in that case, and was not litigated therein; therefore, that decision is not *res adjudicata*. (*Rudd* v. *Cornell*, 171 N. Y. 114; *Lord & Taylor* v. *Yale & Towne Mfg. Co.*, 230 id. 132; *Assets Realization Co.* v. *Roth*, 201 App. Div. 811, 814; *Matter of Wells*, N. Y. L. J. Aug. 15, 1925.) Now coming to the main question before us, it may be conceded in the first place as a general principle applicable here that the legal presumption which arises from the use in a will of the word "issue," unexplained by the context and without terms to qualify it, is that it means issue *per capita* and not *per stirpes*. (*Schmidt* v. *Jewett*, 195 N. Y. 486; *Soper* v. *Brown*, 136 id. 244.) This is asserted notwithstanding the abolishing by statute of this presumption (Decedent Estate Law, § 47-a, as added by Laws of 1921, chap. 379), for the reason that the will in question was effective in 1875 and the last named statute is not retroactive. (*N. Y. Life Ins. & Trust Co.* v. *Winthrop*, 237 N. Y. 93, 105.) Numerous cases, however, illustrate a tendency of the courts to escape the rule that a gift to issue was to be construed as a gift *per capita*, upon slight evidence of a contrary intention. (*N. Y. Life Ins. & Trust Co.* v. *Winthrop, supra; Matter of Durant*, 231 N. Y. 41; *Matter of Farmers' Loan & Trust Co.*, 213 id. 168; *Whitehead* v. *Ginsburg*, 197 App. Div. 266; *Matter of Union Trust Co.*, 170 id. 176; 220 N. Y. 657.) Read in the light of these decisions the language of the will readily lends itself to the construction that testator had in mind a *per stirpes* distribution in a situation like the one here presented. Throughout the instrument equality is the dominant idea expressed. (1) In the 4th paragraph provision is made for a distribution under certain contingencies to

the issue of any deceased nieces " *share and share alike;* " (2) in the 5th paragraph the residuary estate is divided into " *six equal shares;* " (3) in the phrase in the 5th paragraph here presented for construction a distribution share and share alike is provided for, and then (4) there is the further provision that in the event of the death of the takers of an addition, it shall be " divided *equally* among the then survivors of said nieces." Now, on the other hand, it has been held that a *per capita* distribution to issue, howsoever remote the issue may be, is an *unequal distribution.* (*Matter of Durant, supra; Matter of Union Trust Co., supra.*) Under this will a *per capita* distribution to the children, grandchildren and great grandchildren would be unequal and would not effect the equality intended by the testator. One of the parties in this proceeding has contended that in several directions in the will in certain contingencies the " issue " should take the share the " parent " would take if living, the use of the word " issue " as correlative with " parent " restricts its meaning to " children." However, as was held by CARDOZO, J., in *Matter of Farmers' Loan & Trust Co.* (*supra*), " that is not a rule of construction. It is merely one consideration to be weighed with others in an estimate of the testator's meaning." (Citing cases.) Although the result of such reasoning is identical with the conclusion I have reached above, it is more exact to hold and I do hold that the language of testator clearly shows testator's intention to use the word " issue " not as " children," but as descendants *per stirpes.* (*Matter of Farmers' Loan & Trust Co., supra; Whitehead* v. *Ginsburg, supra.*) I hold, therefore, that the share of the principal held in trust for Jessie D. Bowen should be distributed in equal shares to her four children who all survive her.

Submit decree accordingly.