In the Matter of the Estate of HARRIET N. POND, Deceased.

Surrogate's Court, New York County, September 20, 1928.

*Werner & McGivney* [*Arthur A. McGivney* of counsel], for the remainderman, Equitable Trust Company of New York.

*Randall, Larson & Hawkins* [*Theodore E. Larson* of counsel], for the remainderman Harriet Phelps Glover.

*Maurice Bloch,* special guardian for Isabel Glover.

*John J. Dwyer,* special guardian for Clara Glover.

*William R. Conklin,* special guardian for Frank B. Porter and James Porter.

O'BRIEN, S. The language used by testatrix in her will clearly shows that she intended that the remainder of the trust fund which is the subject of this accounting be distributed among the issue of Clara F. Pond Porter, the deceased life tenant, *per stirpes* and not *per capita.* With the exception of the provision made for Charles Murray Pond, the entire will indicates a desire to provide for her children equally. In paragraph " first " of the will testatrix declares that she did not consider it necessary to make as large a provision for him as for her other children " as he had a fortune of his own." Moreover in paragraph " sixth " of the will her personal effects are given in *equal shares* among her children who shall survive her, and throughout the rest of the will, with the exception of bequests to friends and to charities, her estate is divided *equally* between Anson Phelps Pond and Clara Pond Porter. A further indication that a *per stirpital* distribution was intended is contained in the language of paragraph " tenth," which gives the remainder of the estate to be held in trust for Clara Pond Porter to her issue, if any, " and should my said daughter die without issue * * * I give, devise and bequeath the same to my sons Charles Murray Pond and Anson Phelps Pond, *the issue of either who shall previously die to take the share to which their parent would be entitled if living.*" Again in the same paragraph we find (1) the word " issue " used as correlative with " parent " and (2) as correlative with " father." (See *N. Y. Life Insurance & Trust Co.* v. *Winthrop,* 237 N. Y. 93; *Matter of Durant,* 231 id. 41; *Matter of Farmers' Loan & Trust Co.,* 213 id. 168; *Petry* v. *Petry,* 186 App. Div. 738; affd., 227 N. Y. 621; *Matter of Haggerty,* 126 Misc. 769.) I hold, therefore, that the principal of the fund held in trust for Clara Pond Porter should now be distributed in equal shares to her two children who both survived her. Submit decree on notice construing the will and settling the account accordingly.